UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Computer Patent Systems, LLC<br>2600 Bennington Road<br>Charlottesville, VA 22901<br><br>     Plaintiff,<br><br>v.<br><br>DAS Companies, Inc.<br>724 Lawn Road<br>Palmyra PA 17078<br><br>     and<br><br>Pilot Travel Centers LLC<br>5508 Lonas Road<br>Knoxville, Tennessee<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. Action No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT AND
JURY TRIAL REQUEST

COMES NOW the Plaintiff, Computer Patent Systems, LLC (hereinafter "CPS" or "Plaintiff"), and for its cause of action against DAS Companies, Inc. (hereinafter "DAS") and Pilot Travel Centers, LLC (hereinafter "PILOT") (DAS and PILOT collectively referred to herein as "Defendants"), for patent infringement, CPS alleges:

PARTIES AND JURISDICTION

1.   CPS is a limited liability company formed under the laws of Virginia and having its principal place of business at 2600 Bennington Road, Charlottesville, Virginia, 22901.

1

2. Upon information and belief, DAS is a corporation formed under the laws of Pennsylvania and having its principal place of business at 724 Lawn Road, Palmyra, PA 17078, and a Virginia distribution center at 3810 Corporate Drive, Petersburg, VA 23805, that distributes and sells various goods and services, including but not limited to power inverter and power converter devices infringing the patents-in-suit, within this district and sells such goods and services through retail stores within this district and throughout Virginia.

3. Upon information and belief, PILOT is a Delaware corporation having a principal place of business at 5508 Lonas Road, Knoxville, Tennessee and stores in Virginia, including at I-81 Exit 251, 3634 North Valley Pike, Harrisonburg VA 22802, that sells various goods and services within this district, including power inverter devices and power converter devices infringing one or more of the patents-in-suit.

4. This is a complaint for infringement under 35 U.S.C. § 271 of the following United States patents: U.S. Patent No. 8,472,192 ("the '192 patent"); U.S. Patent No. 8,154,872 ("the '872 patent"); U.S. Patent No. 7,483,272 ("the '272 patent"); U.S. Patent No. 7,298,627 ("the '627 patent"); and U.S. Patent No. 7,272,008 ("the '008 patent").

5. The Court has original and exclusive jurisdiction over the subject matter of the complaint under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper under 28 U.S.C. §§ 1391 and 1400(a).

6. This Court has personal jurisdiction over Defendants by virtue of, *inter alia,* Defendants' systematic and continuous contacts with Virginia, including, on information and belief, distribution and/or sales of power inverters, power converters, and

other devices and products to Virginia corporate citizens, and service of the Virginia market through the intended, regular and anticipated flow of such products from manufacture to distribution to retail sale in Virginia.

## GENERAL ALLEGATIONS

7. CPS is the owner of all right, title and interest in the '192 patent, the '872 patent, the '272 patent, the '627 patent, and the '008 patent by virtue of assignments, which have been duly recorded at the United States Patent and Trademark Office. Copies of the '192 patent, the '872 patent, the '272 patent, the 627 patent, and the '008 patent (collectively referred to as "the patents-in-suit") are attached hereto as Exhibits 1-5, respectively.

8. The '192 patent was filed on April 10, 2012 and issued on June 25, 2013. The '192 patent claims the benefit under 35 U.S.C. § 120 to a filing date of November 14, 2003.

9. The '872 patent was filed on December 17, 2008 and issued on April 10, 2012. The '872 patent claims the benefit under 35 U.S.C. 120 to a filing date of November 14, 2003.

10. The '272 patent was filed on June 12, 2007 and issued on January 27, 2009. The '272 patent claims the benefit under 35 U.S.C. § 120 to a filing date of November 14, 2003.

11. The '627 patent was filed on November 02, 2006 and issued on November 20, 2007. The '627 patent claims the benefit under 35 U.S.C. § 120 to a filing date of at least as early as March 9, 2004.

12.   The '008 patent was filed on March 09, 2004 and issued on September 18, 2007. The '008 patent claims the benefit under 35 U.S.C. § 120 to a filing date of at least as early as March 9, 2004.

13.   The patents-in-suit are presumed valid under 35 U.S.C. § 282.

14.   The patents-in-suit are in full force and effect.

15.   DAS is, upon information and belief, in the business of designing, manufacturing, distributing, using, and/or selling automotive accessories including power inverter and power converter devices in the United States and/or importing such accessories and power inverter and power converter devices into the United States.

16.   DAS, upon information and belief, imports, sells, offers to sell, has sold and/or has offered to sell within the United States, and on information and belief within this judicial district, at least the following devices: the MobileSpec 3-in-1 150 Watt Power Inverter; the MobileSpec 4-Way 12-Volt Adapter; the MobileSpec 100W DC to AC Power Inverter; the MobileSpec 12-Volt 2+2 Cup Holder Power Outlet; the PowerDrive 100 Watt DC to AC Power Inverter; the PowerDrive 100D 100 Watt DC to AC Power Inverter; the PowerDrive 150 Watt DC to AC Power Inverter; the PowerDrive 300 Watt DC to AC Power Inverter; the RoadPro 4-in-1 Power Outlet (RP492); the RoadPro 175 Watt DC to AC Power Inverter (RK175UB); and the RoadPro 200 Watt DC to AC Power Center (RPPI200C).

17.   DAS operates a website www.dasinc.com whereby consumers throughout the United States and within this district are linked to websites of DAS Companies, Inc.'s "DAS Brands," including the MobileSpec, PowerDrive, and RoadPro brands,

through which automotive accessories including power inverter and power converter devices are displayed and advertised for sale.

18. DAS' website indicates that "DAS is at home in every aisle of any travel center, specialty retail store, or convenience store throughout America."

19. The websites for DAS brands MobileSpec and PowerDrive include an interactive "Find a Retailer" search feature identifying multiple retailers in this judicial district that sell MobileSpec and PowerDrive brand products.

20. PILOT is in the business of selling automotive accessories including power inverter and power devices in the United States.

21. The websites for the MobileSpec and PowerDrive brands identify PILOT as a retailer of those respective brands operating one or more "travel centers" within this judicial district.

## COUNT I

### Patent Infringement; U.S. Patent No. 8,472,192

22. Paragraphs 1 through 21 are adopted and incorporated herein by reference as is fully set out in this paragraph.

23. CPS is the owner of the '192 patent.

24. DAS distributes, offers for sale, and/or sells within the United States and/or this judicial district power inverter and/or converter devices, including at least the PowerDrive 100D 100 Watt DC to AC Power Inverter and the RoadPro 175 Watt DC to AC Power Inverter (RK175UB) that are covered by and infringe at least one claim of the '192 patent.

25. DAS has infringed and continues to infringe upon the '192 patent in violation of Title 35 U.S.C. § 271 by making, using, selling, and/or offering to sell in the United States and/or importing into the United States power inverter and/or converter devices that infringe the '192 patent, all to the damage and injury of the CPS.

26. On information and belief, DAS has had constructive notice of the '192 patent since its issuance.

27. CPS has not granted a license, express or implied, to DAS with respect to the '192 patent.

28. Upon information and belief, DAS' actions were willful and in disregard of CPS' rights in the '192 patent.

29. CPS has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against DAS on account of its infringement of the '192 patent.

## COUNT II

### Patent Infringement; U.S. Patent No. 8,154,872

30. Paragraphs 1 through 21 are adopted and incorporated herein by reference as is fully set out in this paragraph.

31. CPS is the owner of the '872 patent.

32. DAS distributes, offers for sale, and/or sells within the United States and/or this judicial district power inverter and/or converter devices, including at least the MobileSpec 3-in-1 150 Watt Power Inverter, the MobileSpec 4-Way 12-Volt Adapter, the MobileSpec 100W DC to AC Power Inverter, the MobileSpec 12-Volt 2+2 Cup

Holder Power Outlet, the PowerDrive 150 Watt DC to AC Power Inverter, the PowerDrive 300 Watt DC to AC Power Inverter, the RoadPro 4-in-1 Power Outlet (RP492), and the RoadPro 200 Watt DC to AC Power Center (RPPI200C) that are covered by and infringe at least one claim of the '872 patent.

33. DAS has infringed and continues to infringe upon the '872 patent in violation of Title 35 U.S.C. § 271 by making, using, selling, and/or offering to sell in the United States and/or importing into the United States power inverter and/or converter devices that infringe the '872 patent, all to the damage and injury of the CPS.

34. On information and belief, DAS has had constructive notice of the '872 patent since issuance of the patent.

35. CPS has not granted a license, express or implied, to DAS with respect to the '872 patent.

36. Upon information and belief, DAS' actions were willful and in disregard of CPS' rights in the '872 patent.

37. CPS has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against DAS on account of its infringement of the '872 patent.

38. PILOT distributes, offers for sale, and/or sells within this judicial district power inverter and/or converter devices, including at least the MobileSpec 100W DC to AC Power Inverter, that is/are covered by and infringe at least one claim of the '872 patent.

39. PILOT has infringed and continues to infringe upon the '872 patent in violation of Title 35 U.S.C. § 271 by making, using, selling, and/or offering to sell in the

United States and/or importing into the United States power inverter and/or converter devices that infringe the '872 patent, all to the damage and injury of the CPS.

40. On information and belief, PILOT has had constructive notice of the '872 patent since its issuance.

41. CPS has not granted a license, express or implied, to PILOT with respect to the '872 patent.

42. Upon information and belief, PILOT's actions were willful and in disregard of CPS' rights in the '872 patent.

43. CPS has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against PILOT on account of its infringement of the '872 patent.

## COUNT III

### Patent Infringement; U.S. Patent No. 7,483,272

44. Paragraphs 1 through 21 are adopted and incorporated herein by reference as is fully set out in this paragraph.

45. CPS is the owner of the '272 patent.

46. DAS distributes, offers for sale, and/or sells within the United States and/or this judicial district power inverter and/or converter devices, including at least the MobileSpec 3-in-1 150 Watt Power Inverter, the MobileSpec 100W DC to AC Power Inverter, the PowerDrive 100 Watt DC to AC Power Inverter, the PowerDrive 100D 100 Watt DC to AC Power Inverter, the PowerDrive 150 Watt DC to AC Power Inverter, the PowerDrive 300 Watt DC to AC Power Inverter, the RoadPro 175 Watt DC to AC Power

Inverter (RK175UB), and the RoadPro 200 Watt DC to AC Power Center (RPPI200C) that are covered by and infringe at least one claim of the '272 patent.

47. DAS has infringed and continues to infringe upon the '272 patent in violation of Title 35 U.S.C. § 271 by making, using, selling, and/or offering to sell in the United States and/or importing into the United States power inverter and/or converter devices that infringe the '272 patent, all to the damage and injury of the CPS.

48. On information and belief, DAS has had constructive notice of the '272 patent since issuance of the patent.

49. CPS has not granted a license, express or implied, to DAS with respect to the '272 patent.

50. Upon information and belief, DAS' actions were willful and in disregard of CPS' rights in the '272 patent.

51. CPS has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against DAS on account of its infringement of the '272 patent.

52. PILOT distributes, offers for sale, and/or sells within this judicial district power inverter and/or converter devices, including at least the MobileSpec 100W DC to AC Power Inverter, that is/are covered by and infringe at least one claim of the '272 patent.

53. PILOT has infringed and continues to infringe upon the '272 patent in violation of Title 35 U.S.C. § 271 by making, using, selling, and/or offering to sell in the United States and/or importing into the United States power inverter and/or converter devices that infringe the '272 patent, all to the damage and injury of the CPS.

54. On information and belief, PILOT has had constructive notice of the '272 patent since its issuance.

55. CPS has not granted a license, express or implied, to PILOT with respect to the '272 patent.

56. Upon information and belief, PILOT's actions were willful and in disregard of CPS' rights in the '272 patent.

57. CPS has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against PILOT on account of its infringement of the '272 patent.

## COUNT IV

### Patent Infringement; U.S. Patent No. 7,298,627

58. Paragraphs 1 through 21 are adopted and incorporated herein by reference as is fully set out in this paragraph.

59. CPS is the owner of the '627 patent.

60. DAS distributes, offers for sale, and/or sells within the United States and/or this judicial district power inverter and/or converter devices, including at least the MobileSpec 3-in-1 150 Watt Power Inverter, the MobileSpec 100W DC to AC Power Inverter, the PowerDrive 150 Watt DC to AC Power Inverter, and the RoadPro 200 Watt DC to AC Power Center (RPPI200C) that are covered by and infringe at least one claim of the '627 patent.

61. DAS has infringed and continues to infringe upon the '627 patent in violation of Title 35 U.S.C. § 271 by making, using, selling, and/or offering to sell in the

United States and/or importing into the United States power inverter and/or converter devices that infringe the '627 patent, all to the damage and injury of the CPS.

62. On information and belief, DAS has had constructive notice of the '627 patent since issuance of the patent.

63. CPS has not granted a license, express or implied, to DAS with respect to the '627 patent.

64. Upon information and belief, DAS' actions were willful and in disregard of CPS' rights in the '627 patent.

65. CPS has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against DAS on account of its infringement of the '627 patent.

66. PILOT distributes, offers for sale, and/or sells within this judicial district power inverter and/or converter devices, including at least the MobileSpec 100W DC to AC Power Inverter, that is/are covered by and infringe at least one claim of the '627 patent.

67. PILOT has infringed and continues to infringe upon the '272 patent in violation of Title 35 U.S.C. § 627 by making, using, selling, and/or offering to sell in the United States and/or importing into the United States power inverter and/or converter devices that infringe the '627 patent, all to the damage and injury of the CPS.

68. On information and belief, PILOT has had constructive notice of the '627 patent since its issuance.

69. CPS has not granted a license, express or implied, to PILOT with respect to the '627 patent.

70. Upon information and belief, PILOT's actions were willful and in disregard of CPS' rights in the '627 patent.

71. CPS has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against PILOT on account of its infringement of the '627 patent.

## COUNT V

### Patent Infringement; U.S. Patent No. 7,272,008

72. Paragraphs 1 through 21 are adopted and incorporated herein by reference as is fully set out in this paragraph.

73. CPS is the owner of the '008 patent.

74. DAS distributes, offers for sale, and/or sells within the United States and/or this judicial district power inverter and/or converter devices, including at least the MobileSpec 3-in-1 150 Watt Power Inverter, the MobileSpec 100W DC to AC Power Inverter, the PowerDrive 150 Watt DC to AC Power Inverter, and the RoadPro 200 Watt DC to AC Power Center (RPPI200C) that are covered by and infringe at least one claim of the '008 patent.

75. DAS has infringed and continues to infringe upon the '008 patent in violation of Title 35 U.S.C. § 271 by making, using, selling, and/or offering to sell in the United States and/or importing into the United States power inverter and/or converter devices that infringe the '008 patent, all to the damage and injury of the CPS.

76. On information and belief, DAS has had constructive notice of the '008 patent since issuance of the '008 patent.

77. CPS has not granted a license, express or implied, to DAS with respect to the '008 patent.

78. Upon information and belief, DAS' actions were willful and in disregard of CPS' rights in the '008 patent.

79. CPS has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against DAS on account of its infringement of the '008 patent.

80. PILOT distributes, offers for sale, and/or sells within this judicial district power inverter and/or converter devices, including at least the MobileSpec 100W DC to AC Power Inverter, that is/are covered by an infringed at least one claim of the '008 patent.

81. PILOT has infringed and continues to infringe upon the '008 patent in violation of Title 35 U.S.C. § 271 by making, using, selling, and/or offering to sell in the United States and/or importing into the United States power inverter and/or converter devices that infringe the '008 patent, all to the damage and injury of the CPS.

82. On information and belief, PILOT has had constructive notice of the '008 patent since issuance of the '008 patent.

83. CPS has not granted a license, express or implied, to PILOT with respect to the '008 patent.

84. Upon information and belief PILOT's actions were willful and in disregard of CPS' rights in the '008 patent.

85. CPS has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against PILOT on account of its infringement of the '008 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CPS prays that judgment be entered by this Court in its favor and against the Defendants DAS and PILOT providing the following relief:

1. That Defendants, their agents, affiliates, subsidiaries, servants, employees and attorneys and those persons in active concert with or controlled by them be permanently enjoined from making, using and selling products that infringe the patents-in-suit;

2. That Defendants be required to account to Plaintiff for Plaintiff's lost profits and for all damages sustained by and entitled to Plaintiff by reason of the infringement of the patents-in-suit (35 U.S.C. § 284);

3. That judgment be entered against Defendants for Plaintiff's damages in an amount to be determined at trial, and for prejudgment interest based upon infringement damages accruing from the date of Defendants' acts of infringement;

4. That a determination be made that Defendants' actions were willful in disregard of Plaintiff's rights and be required to pay to Plaintiff the costs of this action and Plaintiff's reasonable attorney fees (35 U.S.C. § 285), and that such damages be trebled;

5. That an order issue directing Defendants to deliver to Plaintiff for immediate destruction all remaining power inverters, advertisements, circulars, brochures

or other promotional or advertising items, web site or other materials for its infringing power inverters; and

    6.    Plaintiff also seeks such other and further relief as may be proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury.

                Computer Patent Systems, LLC
                Plaintiff,

By:     s/ Joseph W. Berenato III
                Joseph W. Berenato, III
                Virginia Bar No. 22,975
                BERENATO & WHITE, LLC
                6550 Rock Spring Drive
                Suite 240
                Bethesda, MD 20817
                301-896-0600
                e-mail: jberenato@bw-iplaw.com

                David S. Taylor
                BERENATO & WHITE, LLC
                6550 Rock Spring Drive
                Suite 240
                Bethesda, MD 20817
                301-896-0600
                e-mail: dtaylor@bw-iplaw.com

## VERIFICATION

I, John M. White, states that I am a duly authorized representative of Plaintiff Computer Patent Systems, LLC and that I verify the allegations in the Complaint and Jury Trial Request and to the best of my knowledge and belief all allegations are true and correct.

_____
John M. White

May 12, 2014
Date